IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANNIE BELL GREEN, on behalf of their minor progeny, and KENITH LAMONT GREEN, on behalf of their minor progeny, | ) ) ) ) ) | CASE NO. 4:11CV3172 |
| Plaintiffs, | ) ) | MEMORANDUM AND ORDER |
| v. | ) ) ) | |
| WADIE THOMAS, et al., | ) ) | |
| Defendants. | ) | |

Plaintiff[1] filed her Complaint in this matter on October 11, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against eighteen separate Defendants, including the Nebraska Department of Health and Human Services ("NDHHS"), several of its employees, various lawyers and therapists, and one Nebraska Juvenile Court Judge. (Filing No. 1 at CM/ECF pp. 1-3.) Condensed and summarized, Plaintiff alleges that her children were wrongfully taken from her and placed in NDHHS custody. (*Id.* at CM/ECF pp. 3-5.) Plaintiff further alleges that Defendant Wadie Thomas, a Nebraska Juvenile Court Judge, and various attorneys wrongfully "refused to reunify [Plaintiff's] family" and that her children

---

[1] "Kenith Lamont Green" is listed as a Plaintiff on the Complaint, but did not sign the Complaint and has not submitted the filing fee or a motion to proceed in forma pauperis. (Filing No. 1.) As such, the court will dismiss Kenith Lamont Green as a Plaintiff in this matter. For ease of reference, the court refers to the remaining Plaintiff, Annie Bell Green, as "Plaintiff" in this Memorandum and Order.

have not received adequate services while in NDHHS custody. (*Id.*) The removal of Plaintiff's children from her care resulted from Defendants "exaggerating facts" and providing incorrect "evaluations." (*Id.*) Plaintiff also alleges that Defendants' conduct regarding her children is "kidnapping," and she requests that the court award her "one hundred million dollars compensatory damages," and issue an injunction requiring Defendants to return her children and stop "violating [Plaintiff's] constitutional rights." (*Id.* at CM/ECF pp. 5-6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v.*

*Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), (citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges that Defendants improperly removed her children from her care through ongoing state juvenile proceedings. (Filing No. 1.) This court is mindful of its obligation to promote comity between state and federal judicial bodies and will "abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005), (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996); *see also Carson P. v. Heineman*, 240 F.R.D. 456, 523-32 (D. Neb. 2007), (finding that "child welfare and protection" is an important state interest and abstaining from jurisdiction where the plaintiffs were involved in separate juvenile proceedings in Nebraska state court in which they could raise their constitutional claims).

Here, Plaintiff requests injunctive relief requiring Defendants to stop "violating" her "constitutional rights" regarding the removal of her children from her care and placing them in NDHHS custody. (Filing No. 1.) It is apparent from the Complaint that there is an

ongoing state judicial proceeding which implicates the important state interests relating to the custody, treatment, and safety of Plaintiff's minor children. (*Id.*) Plaintiff has not alleged, nor demonstrated, that those proceedings will not provide her with the opportunity to raise her constitutional claims in that matter. Accordingly, the court will abstain from exercising jurisdiction over Plaintiff's claims. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice to reassertion in the proper forum;

2. A separate judgment will be entered in accordance with this Memorandum and Order; and

3. The Clerk of the court is directed to terminate "Kenith Lamont Green" as a Plaintiff in this matter.

DATED this 8th day of December, 2011.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.